1  UNITED STATES DISTRICT COURT

2  CENTRAL DISTRICT OF CALIFORNIA

3  − − −

4  HONORABLE EDWARD RAFEEDIE, JUDGE PRESIDING

5  − − −

6  UNITED STATES OF AMERICA,            )
                                         )
7          PLAINTIFF,                    )
                                         )
8      VS.                               )    NO. CR 87-422(A)-ER
                                         )
9  JESUS FELIX-GUTIERREZ, RAUL          )
   LOPEZ-ALVAREZ, RENE MARTIN           )
10 VERDUGO-URQUIDEZ, ET AL.,            )
                                         )
11         DEFENDANTS.                   )
                                         )
12 _____

13

14

15  REPORTER'S TRANSCRIPT OF PROCEEDINGS

16  LOS ANGELES, CALIFORNIA

17  MONDAY, SEPTEMBER 26, 1988

18

19

20

21

22  VELMA B. THOMAS, CSR, RPR
    OFFICIAL COURT REPORTER
23  406 U. S. COURT HOUSE
    312 NORTH SPRING STREET
24  LOS ANGELES, CALIFORNIA 90012
    (213) 629-4874
25  CSR NO. 2683

FILED
CLERK, U.S. DISTRICT COURT
OCT 3 1 1988
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

ENTERED ON COURTRAN
NOV - 7 1988

FOR PLAINTIFF:

        ROBERT C. BONNER
        UNITED STATES ATTORNEY
        ROBERT L. BROSIO
        ASSISTANT UNITED STATES ATTORNEY
        CHIEF, CRIMINAL DIVISION
        JIMMY GURULE
        ASSISTANT UNITED STATES ATTORNEY
        MAJOR NARCOTICS SECTION
        ROEL CAMPOS
        ASSISTANT UNITED STATES ATTORNEY
        1400 UNITED STATES COURTHOUSE
        312 NORTH SPRING STREET
        LOS ANGELES, CALIFORNIA 90012

FOR DEFENDANT FELIX-GUTIERREZ:

        OVERLAND, BERKE, WESLEY, GITS, RANDOLPH &
        LEVANAS
        BY:  DONALD C. RANDOLPH
        2566 OVERLAND AVENUE
        SEVENTH FLOOR
        LOS ANGELES, CALIFORNIA 90064

        BARRY TARLOW, ESQ.
        9119 SUNSET BOULEVARD
        LOS ANGELES, CALIFORNIA 90069

FOR DEFENDANT LOPEZ-ALVAREZ:

        PETER M. HORSTMAN
        FEDERAL PUBLIC DEFENDER
        BY:  YOLANDA M. BARRERA
        CHIEF DEPUTY FEDERAL PUBLIC DEFENDER
        ELSA LEYVA
        DEPUTY FEDERAL PUBLIC DEFENDER
        SUITE 1503, UNITED STATES COURTHOUSE
        312 NORTH SPRING STREET
        LOS ANGELES, CALIFORNIA 90012-4758

FOR DEFENDANT VERDUGO-URQUIDEZ:

            MICHAEL PANCER, ESQ.
            625 BROADWAY
            SUITE 1135
            SAN DIEGO, CALIFORNIA 92101

            JUANITA R. BROOKS, ESQ.
            108 IVY STREET
            SAN DIEGO, CALIFORNIA 92101


SPANISH INTERPRETERS:

            IRMA GARCIA
            JOSE OROZCO
            LENNE GRUSKY

LOS ANGELES, CALIFORNIA; MONDAY, SEPTEMBER 26, 1988; 11:15 AM

1      (CHAMBERS CONFERENCE AMONG THE COURT, MR. GURULE,

2      MR. CAMPOS, MR. RANDOLPH, MR. TARLOW, MS. LEYVA,

3      MR. PANCER, AND MS. BROOKS.)

4           THE COURT:  LET THE RECORD SHOW THAT THE COURT HAS

5   CONVENED IN CHAMBERS WITH COUNSEL TO DISCUSS THIS NOTE FROM

6   THE JURY, WHICH READS AS FOLLOWS:

7           "THE JURY HAS BEEN GIVEN TWO SETS OF

8       INSTRUCTIONS.  THERE APPEARS TO BE DIFFERENCES

9       IN NOS. 42 AND 43.  ONE SET HAS THE CASE NUMBER

10      ON FRONT.  WE WOULD LIKE CLARIFICATION ON WHICH

11      SET TO USE."

12          WELL, FIRST TO EXPLAIN WHAT THAT MEANS, THIS IS

13  THE SET THAT HAS THE CASE NUMBER ON THE FRONT, AND THAT WAS

14  ORIGINALLY SENT IN TO THE JURY.  I SENT IN AN EXTRA SET IN

15  ORDER FOR MORE CONVENIENCE SO THAT THEY WOULD HAVE MORE THAN

16  A SINGLE SET OF THE INSTRUCTIONS.

17          THE INSTRUCTIONS THAT THEY REFER TO IN THE NOTE,

18  THE SECOND SET THAT WE SENT IN, CONTAINS THE COURT'S

19  INSTRUCTION NO. 43, WHICH IS THE SAME AS INSTRUCTION NO. 42

20  IN THE SET THAT WAS FIRST SENT IN TO THE JURY AFTER WE

21  MODIFIED IT.  IF YOU REMEMBER, THIS INSTRUCTION READ:

22          "IN ORDER TO ESTABLISH THE OFFENSES CHARGED

23      IN COUNTS ONE AND TWO OF THE INDICTMENT" --

24          IT SHOULD HAVE SAID "FIVE ESSENTIAL ELEMENTS MUST

25  BE ESTABLISHED BEYOND A REASONABLE DOUBT."  WE LATER CHANGED

1    THAT TO FOUR ESSENTIAL ELEMENTS BY REMOVING THE PARAGRAPHS

2    RELATING TO EACH DEFENDANT, AND SO THEY WERE CONFUSED BECAUSE

3    THEY HAD BOTH VERSIONS OF THAT INSTRUCTION.

4            YOU SHOULD LOOK AT THEM SO THAT YOU UNDERSTAND

5    WHAT IS MEANT.  HERE THEY ARE.  THAT IS THE CORRECT ONE,

6    AND THIS IS THE OTHER ONE.

7            MR. CAMPOS:  THE UNEDITED VERSION, YOUR HONOR?

8            THE COURT:  THE UNEDITED VERSION.

9            MR. GURULE:  42 IS THE UNEDITED.

10           MR. PANCER:  WHAT IS 42?

11           THE COURT:  THOSE ARE THE TWO THEY ARE REFERRING

12   TO.

13           MR. PANCER:  YOUR HONOR, MAY I SEE THE NOTE AGAIN.

14           THE COURT:  YES.

15           MR. PANCER:  THANK YOU.

16           THE COURT:  HAVE YOU SEEN THESE?

17           MS. BROOKS:  COULD I INQUIRE.  I DIDN'T HAVE TIME

18   TO LOOK THROUGH THERE.  IS THERE ANY REASON -- I NOTICE THAT

19   ALL THE INSTRUCTIONS ARE OFF AS FAR AS THE NUMBERING IS

20   CONCERNED IN BOTH PACKETS.

21           THE COURT:  THAT WAS INADVERTENT.  THAT WAS NOT

22   SUPPOSED TO HAPPEN.  I THINK WE WILL SEND THE ONE SET BACK

23   AND TELL THEM THAT IS THE SET THEY SHOULD USE.

24           MR. GURULE:  42 IS THE EDITED VERSION AND 42 IS

25   WHAT THEY SHOULD FOLLOW?

1          THE COURT:  YES.

2          MR. GURULE:  FINE.  43 IS THE UNEDITED AND HAS

3   PARAGRAPH 5 THAT WE SUBSEQUENTLY DELETED AND MADE OTHER

4   MODIFICATIONS.

5          THE COURT:  YES.  WE MADE SOME OTHER MODIFICATIONS.

6          MR. PANCER:  IS THERE REALLY A DIFFERENCE BETWEEN

7   42 AND 43?

8          THE COURT:  NO.  THAT IS RIGHT.  THERE REALLY

9   ISN'T A DIFFERENCE, EXCEPT WE CHANGED IT AROUND FROM FOUR

10  ELEMENTS RATHER THAN FIVE.

11         LET ME SEE 43, AND I WILL SHOW YOU THE CHANGES

12  THAT WE MADE.

13         MR. PANCER:  I CAN SEE THE CHANGES.

14         THE COURT:  WE CHANGED THREE ESSENTIAL ELEMENTS

15  UP THERE TO FOUR, AND INSTEAD OF THE FOURTH ELEMENT AS TO

16  DEFENDANT VERDUGO THAT HE WILLFULLY PARTICIPATED, WE CHANGED

17  THAT TO READ THAT "THE DEFENDANT WILLFULLY PARTICIPATED OR

18  AIDED AND ABETTED" AS IT NOW READS, AND WE DELETED THE

19  PARAGRAPH RELATING TO EACH -- THE PORTIONS RELATING TO EACH

20  INDIVIDUAL.

21         OTHERWISE, IT IS THE SAME, ISN'T IT?

22         MS. BROOKS:  IT IS, YOUR HONOR.  I --

23         MR. PANCER:  I HAVE ONE OTHER QUESTION.  IS THIS

24  PACKAGE THAT YOUR HONOR NOW HAS, IS THAT A COPY OF THE

25  SECOND PACKAGE THAT WENT IN?

1    THE COURT:  NO.  THIS IS IT.  THIS IS THE ACTUAL

2  PACKAGE.  I HAD THEM BOTH BROUGHT OUT WHEN THE JURY SENT THE

3  NOTE.

4    MR. PANCER:  MAY I SEE THE FIRST PACKAGE AGAIN.

5  IF ONE INSTRUCTION IS DIFFERENT, I AM NOT SURE THAT SOME

6  OTHERS ARE NOT.

7    MS. BROOKS:  WHAT I WAS GOING TO SAY, YOUR HONOR,

8  IS WHAT WE MIGHT WANT TO DO -- I AM AFRAID THE JURY MAY GET

9  CONFUSED NOW HAVING BOTH INSTRUCTIONS.

10    THE COURT:  WELL, THEY ARE THE SAME.

11    MS. BROOKS:  TO SEND THEM BACK AND SAY THEY ARE --

12  THAT 42 AND 43 ARE THE SAME -- THE INSTRUCTION WAS MODIFIED

13  IN ORDER -- FOR THE PURPOSE OF CLARIFICATION OR TO AVOID

14  CONFUSION.

15    MR. PANCER:  THIS IS MY CONCERN.  THAT JURY HAS

16  BEEN BACK THERE TWO AND A HALF DAYS PROBABLY LOOKING AT

17  RENE VERDUGO'S CASE.  THEY HAVE BEEN BACK THERE THREE AND A

18  HALF DAYS, BUT LET'S ASSUME THAT THEY FIRST SPENT THE FIRST

19  DAY ON RAUL LOPEZ-ALVAREZ.  THEY HAVE HAD TWO SETS OF

20  INSTRUCTIONS THEY HAVE BEEN WORKING WITH.  I JUST WOULDN'T

21  WANT TO DO ANYTHING, YOUR HONOR, TO MISLEAD OR TO INDICATE

22  TO THEM THAT WHAT THEY HAVE BEEN DELIBERATING ON HAS BEEN

23  INCORRECT IN ANY WAY.  I DON'T THINK THERE IS A SIGNIFICANT

24  DIFFERENCE BETWEEN THOSE INSTRUCTIONS, BUT MAYBE SOMEBODY

25  BACK THERE SEES SOMETHING WE DON'T.

1     I WOULD PREFER JUST TO SEND IT BACK AND TELL THEM

2  THAT WE DON'T THINK THERE IS A SIGNIFICANT DIFFERENCE

3  BETWEEN THOSE TWO INSTRUCTIONS, PERIOD.  I WOULD NOT WANT TO

4  CHANGE SOMETHING THEY HAVE BEEN WORKING WITH FOR TWO AND A

5  HALF DAYS.

6     MR. GURULE:  WHY DON'T WE SAY THAT INSTRUCTION 43

7  WAS MODIFIED FOR CLARIFICATION; THAT THERE IS REALLY NO

8  SUBSTANTIVE DIFFERENCE BETWEEN THE TWO INSTRUCTIONS.

9     MR. PANCER:  THERE ARE NO SUBSTANTIVE DIFFERENCES

10  BETWEEN THE TWO INSTRUCTIONS, PERIOD.  DOES THAT MAKE SENSE?

11  WE COULD LIVE WITH THAT.  I DON'T KNOW WHAT THEY SEE.  IT IS

12  A TICKLISH TIME.  I WOULD PREFER THAT BOTH SETS GO BACK IN.

13     THE COURT:  WELL, WE COULD PUT THEM IN THE JURY

14  BOX AND TELL THEM THAT THESE INSTRUCTIONS ARE BASICALLY THE

15  SAME; THERE IS JUST THAT ONE THAT WAS SHORTENED BY APPLYING

16  IT TO BOTH DEFENDANTS RATHER THAN TO EACH INDIVIDUALLY.

17     MR. PANCER:  MY REQUEST IS WE JUST TELL THEM THAT

18  THESE INSTRUCTIONS ARE ESSENTIALLY THE SAME, PERIOD.  WE

19  COULD DO IT BY WAY OF A NOTE OR CALL THEM INTO THE BOX.

20  THAT IS ALL I WOULD WANT TO TELL THEM.

21     THE PROBLEM I HAVE, YOUR HONOR, IS I CAN'T READ A

22  JURY AT ALL, AND THAT IS THE PROBLEM I HAVE.

23     THE COURT:  JUST A MOMENT.  GIVE ME BACK THAT FIRST

24  INSTRUCTION.  IT WAS NOT ACCURATE TO BEGIN WITH.  IT WOULD

25  REQUIRE ANOTHER MODIFICATION, BECAUSE IT SAYS UP HERE IN

1    INSTRUCTION NO. 43 IN THE SECOND SET THAT THREE ESSENTIAL

2    ELEMENTS MUST BE ESTABLISHED BEYOND A REASONABLE DOUBT.  THAT

3    IS WRONG, ALTHOUGH IT LISTS FIVE ELEMENTS HERE.

4            MR. PANCER:  I AM SORRY.  DID YOU SAY IT SAYS

5    THREE ESSENTIAL ELEMENTS, AND THE OTHER INSTRUCTION TALKS

6    ABOUT FOUR?

7            THE COURT:  YES.

8            MR. PANCER:  WHICH ONE ARE WE MISSING?

9            THE COURT:  WE ARE NOT MISSING ANY.  THAT SHOULD

10   HAVE BEEN CHANGED, THE THREE.  IT SHOULD HAVE READ "FIVE,"

11   THE WAY THIS READS, AND THEN WE RAISED THE QUESTION ABOUT

12   WHETHER THESE ARE REALLY ELEMENTS BECAUSE THEY ARE THE SAME

13   ELEMENT APPLIED TO EACH DEFENDANT; AND, THEREFORE, THEY

14   SHOULD BE TREATED AS A SINGLE ELEMENT.

15           THEN WE REDUCED IT TO FOUR, WHICH ARE CONTAINED

16   IN THE INSTRUCTION THERE.

17           MR. GURULE:  I THINK THE PROBLEM IS THEN IT WOULD

18   BE MISLEADING TO SAY THAT THEY ARE THE SAME BECAUSE IN THE

19   UNEDITED SET IT SAYS "THREE" AND ON THE OTHER IT SAYS "FOUR."

20   THEN TO GO AHEAD AND SAY THAT THEY ARE THE SAME WHEN IN FACT

21   ONE SET IS SAYING THERE ARE LESS ELEMENTS WHEN IN FACT THERE

22   ARE FIVE ELEMENTS LISTED, I THINK THAT WOULD BE CONFUSING.

23           UPON REFLECTION, I THINK THE APPROPRIATE ACTION

24   TO TAKE WOULD BE TO SAY THAT IT IS THE EDITED VERSION THAT

25   IS APPROPRIATE, AND THAT IS WHAT THEY SHOULD REVIEW AND

1    DELIBERATE ON.

2             MR. PANCER:  MR. GURULE SEEMS TO COME TO THESE

3    POSITIONS AFTER WE HAVE EXPRESSED OURS.  HE OPERATES UNDER

4    THE ASSUMPTION THAT IF WE WANT IT A CERTAIN WAY, IT MUST BE

5    BEST TO DO IT THE OTHER WAY FOR THE GOVERNMENT.

6             YOUR HONOR, MY CONCERN IS THAT WE NOT CHANGE --

7             MR. GURULE:  YOU READ THINGS INTO MY STATEMENTS.

8             MR. PANCER:  I AM NOT SURE IT MATTERS.

9             MR. CAMPOS:  PARANOIA.

10            MR. PANCER:  I DON'T WANT TO PULL THE RUG OUT FROM

11   UNDER THE JURY, SO TO SPEAK.  I THINK THE INSTRUCTIONS ARE

12   ESSENTIALLY THE SAME.  I THINK THEY GET THE CORRECT MESSAGE

13   TO THE JURY, EITHER ONE OF THEM, NOW THAT RAUL LOPEZ-ALVAREZ

14   IS OUT OF THE CASE.

15            ON THE OTHER HAND, I DON'T KNOW WHAT GOES THROUGH

16   THE MINDS OF JURORS.  I HAVE NEVER BEEN ABLE TO REALLY

17   PREDICT.  I THINK THEY SHOULD BE TOLD, AS I SAID BEFORE --

18   IT IS NOT FAR DIFFERENT FROM WHAT THE COURT WAS SUGGESTING --

19   THAT THESE INSTRUCTIONS ARE ESSENTIALLY OR IN SUBSTANCE THE

20   SAME, AND THEY SHOULD CONTINUE THEIR DELIBERATIONS.

21            THE COURT:  I AM WONDERING IF WE COULD SIMPLY

22   STATE THAT THESE INSTRUCTIONS ARE ESSENTIALLY THE SAME, THE

23   ONLY DIFFERENCE BEING THAT IN INSTRUCTION NO. 42 THE FOURTH

24   AND FIFTH ELEMENTS WERE COMBINED AS THE FOURTH ELEMENT AND

25   APPLY EQUALLY TO EACH DEFENDANT.

1    MS. BROOKS:  I THINK THAT IS FINE, YOUR HONOR.

2    COULD THE COURT PERHAPS SAY "EQUALLY AND INDIVIDUALLY TO

3    EACH DEFENDANT"?

4    MR. CAMPOS:  WE ARE CONCERNED WITH SENDING BOTH

5    SETS BACK IN THAT THEY ARE NOT NUMBERED THE SAME WAY.  IT

6    SEEMS TO ME --

7    THE COURT:  THAT HASN'T BEEN A PROBLEM FOR THE

8    JURY, APPARENTLY.  THE ONLY PROBLEM THEY HAVE IS OVER THESE

9    TWO INSTRUCTIONS.  THAT IS THE ONE THEY SENT THE NOTE ON.

10    MR. PANCER:  MAY I SEE THEM AGAIN, YOUR HONOR.

11    MS. BROOKS:  I THINK I'VE FOUND WHERE THE NUMBERING

12    PROBLEM OCCURRED.

13    THE COURT:  WHERE IS THAT?

14    MS. BROOKS:  IF THE SECOND PACKET IS SENT BACK IN,

15    YOUR HONOR -- I NOTICE THAT IN THE ORIGINAL PACKET WITH THE

16    CASE NUMBER, COURT'S INSTRUCTION NO. 11 READS THAT "THE

17    DEFENDANT HAS PLED NOT GUILTY TO THE CHARGE CONTAINED IN THE

18    INDICTMENT.  THIS PLEA PUTS IN ISSUE EACH OF THE ESSENTIAL

19    ELEMENTS OF THE OFFENSE" -- AND SO ON.  THAT IS MISSING FROM

20    THE SECOND PACKET, AND THAT IS WHERE THE NUMBERING GETS OFF.

21    SO IF THE SECOND PACKET GOES BACK IN, YOU MIGHT

22    WANT TO ADD THAT IN.

23    THE COURT:  I THINK THAT THE BEST WAY TO HANDLE

24    THIS IS TO PUT THE JURY IN THE BOX AND FOR ME TO CLARIFY

25    THAT BY TELLING THEM ORALLY WHAT HAS TAKEN PLACE, AND THAT

1    THEY ARE ESSENTIALLY THE SAME, BUT THAT THIS ONE

2    INSTRUCTION COMBINED THE OTHER TWO INTO A SINGLE ELEMENT,

3    RATHER THAN HAVING THE TWO SEPARATE ELEMENTS.

4            MS. BROOKS:   THAT WOULD BE FINE, YOUR HONOR.

5            MR. GURULE:   THAT SOUNDS APPROPRIATE.

6            MS. BROOKS:   YOUR HONOR, WOULD THAT SECOND

7    INSTRUCTION PACKET HAVE TO GO BACK IN?

8            THE COURT:   I THINK WE WILL JUST SEND THE ONE BACK.

9            MR. PANCER:   THAT IS WHAT I WOULD BE CONCERNED

10   ABOUT, YOUR HONOR.  I BELIEVE WHAT THE COURT IS ABOUT TO

11   INSTRUCT THE JURY IS APPROPRIATE.  I BELIEVE, YOUR HONOR,

12   THAT BOTH PACKETS SHOULD NOW STILL GO BACK TO THE JURY JUST

13   BECAUSE THEY HAD BOTH, THEY HAVE BEEN DELIBERATING WITH BOTH

14   FOR TWO AND A HALF DAYS.  I DON'T THINK WE SHOULD TAKE ONE

15   OF THESE PACKAGES AWAY FROM THE JURY AT THIS TIME.

16           THE COURT:   THEY SHOULD BE IDENTICAL, SHOULDN'T

17   THEY?

18           MR. GURULE:   EXACTLY.  WE DON'T WANT THE SET GOING

19   BACK WHICH IS AN INAPPROPRIATE OR UNEDITED INSTRUCTION.

20           MR. PANCER:   THE PROBLEM IS THAT THEY ARE NOT

21   EXACTLY THE SAME.  THEY HAVE NOT BEEN EXACTLY THE SAME.

22           THE COURT:   THEY ARE THE EXACT, SAME INSTRUCTIONS.

23   THEY MAY NOT BE NUMBERED IN THE SAME SEQUENCE.  EXCEPT FOR

24   THIS ONE THAT HAS BEEN POINTED OUT, I DON'T KNOW OF ANY OTHER

25   VARIATIONS.

1    MR. PANCER:  AND YOUR HONOR IS GOING TO CLARIFY

2  THAT -- I UNDERSTAND THAT -- WHEN THEY COME BACK OUT.  I

3  THINK THEY SHOULD GO BACK IN WITH BOTH PACKAGES WITH YOUR

4  HONOR'S CLARIFICATION.  THAT CLEARS UP ANY PROBLEMS WITH

5  THEM, AND IT DOES AWAY WITH, YOU KNOW, THE OBJECTION WE

6  WOULD HAVE OF CHANGING THE PACKAGES OR CHANGING THE BASIS

7  ON WHICH THEY HAVE BEEN DELIBERATING FOR THREE AND A HALF

8  DAYS.

9    CLEARLY THE ONLY PERSONS WHO COULD REALLY HAVE AN

10  OBJECTION TO THIS IS THE DEFENSE, YOUR HONOR, AND WE DO.

11    MR. CAMPOS:  YOUR HONOR, IT SEEMS LIKE WHAT

12  MR. PANCER IS SAYING IS WHETHER THEY ARE RIGHT OR WRONG THEY

13  SHOULD GO BACK TO THE JURY, REGARDLESS.  AND WE KNOW ALREADY

14  THAT AT LEAST ONE INSTRUCTION WAS LEFT OUT OF ONE OF THE

15  PACKAGES INADVERTENTLY, AND THEY ARE NUMBERED INCORRECTLY,

16  AND THAT CERTAINLY CAN'T BE THE APPROPRIATE WAY TO DO IT.

17    IT IS OUR VIEW THAT THE COURT'S COMPROMISE TO

18  EXPLAIN THE DIFFERENCES BETWEEN THE TWO INSTRUCTIONS AND SEND

19  THEM BACK THE CORRECT PACKAGE IS APPROPRIATE, CLEARLY.  I

20  MEAN, SURELY I DON'T THINK ANY DEFENDANT WOULD ARGUE THAT AN

21  INSTRUCTION THAT HAD GONE BACK TO THE JURY THAT WAS WRONG

22  SHOULD GO BACK TO THE JURY JUST BECAUSE THEY STARTED OFF WITH

23  IT.

24    MR. PANCER:  WE FOUND SOME MORE ERRORS.

25    YOUR HONOR, BASED ON THE ERRORS THAT WE ARE ABOUT

1    TO OUTLINE, IT IS OUR REQUEST THAT THIS CASE BE MISTRIED.

2    WE THINK THE JURY HAS BEEN OPERATING --

3         THE COURT:  SUPPOSE YOU OUTLINE THE ERRORS.

4         MS. BROOKS:  IN CHECKING THE ORIGINAL PACKET THAT

5    WAS SENT BACK TO THE JURY -- THE COURT'S INSTRUCTION NO. 46

6    IS A VERY IMPORTANT INSTRUCTION TO THE DEFENSE.  WE ARGUED

7    IT TO THE JURY.  IT IS THE DEFINITION OF A CONSPIRACY, AND

8    IT READS IN THE SECOND PARAGRAPH:

9         "MERE SIMILARITY OF CONDUCT AMONG VARIOUS

10        PERSONS, THE FACT THEY MAY HAVE ASSOCIATED

11        TOGETHER" --

12   AND SO ON, DOES NOT NECESSARILY ESTABLISH PROOF OF THE

13   EXISTENCE OF A CONSPIRACY.  WE ARGUED THAT TO THE JURY, AND

14   IT COMES STRAIGHT OUT OF DEVITT & BLACKMAR.

15        THE COURT:  DID I GIVE IT?

16        MS. BROOKS:  YES, YOUR HONOR.  IN THE SECOND

17   PACKET THAT WAS SENT BACK TO THE JURY THAT INSTRUCTION IS

18   MISSING IN ITS ENTIRETY, AND INSTEAD COURT'S INSTRUCTION

19   NO. 47 AND 48 ARE DUPLICATES OF EACH OTHER.

20        SO, IN OTHER WORDS, COURT'S INSTRUCTION --

21        THE COURT:  WELL, READ --

22        MS. BROOKS:  THEY ARE DUPLICATES OF EACH OTHER,

23   AND COURT'S INSTRUCTION NO. 46 IN THE ORIGINAL PACKET IS

24   MISSING IN ITS ENTIRETY.

25        THE COURT:  SO THAT PARAGRAPH UPON WHICH YOU PLACE

1    SO MUCH RELIANCE -- I AM SURE THAT IS IN THIS INSTRUCTION AS

2    WELL.  SO DON'T GET EXCITED.

3           IN INSTRUCTION NO. 45, WHICH IS IN THIS SECOND

4    SET, IT STATES ON THE SECOND PAGE:

5           "FIRST IN DETERMINING WHETHER A CONSPIRACY

6           EXISTED, IT IS NOT NECESSARY THAT THE CONSPIRATORS

7           MADE A FORMAL AGREEMENT OR THAT THEY AGREED ON

8           EVERY DETAIL OF THE CONSPIRACY, BUT IT IS NOT

9           ENOUGH THAT THEY SIMPLY MET, DISCUSSED MATTERS

10          OF COMMON INTEREST, ACTED IN SIMILAR WAYS OR

11          PERHAPS HELPED ONE ANOTHER.  YOU MUST FIND BEYOND

12          A REASONABLE DOUBT THAT THERE WAS A JOINT PLAN TO

13          KIDNAP A FEDERAL AGENT."

14          SO THAT EXPLAINS IT PRETTY CLEARLY.

15          IF YOUR MOTION FOR A MISTRIAL IS BASED ON THAT,

16   THE MOTION IS DENIED.

17          IT IS CLEAR THAT THERE HAVE BEEN SOME STAFF

18   ERRORS ON THE COPYING AND SENDING THESE IN TO THE JURY, THE

19   SECOND SET, AND I AM GOING TO CLARIFY FOR THE JURY THE

20   DIFFERENCE THAT THEY INQUIRED ABOUT. THEY APPARENTLY DID NOT

21   INQUIRE ABOUT THAT DIFFERENCE OR ANY OTHER DIFFERENCE,

22   EXCEPT THE DIFFERENCE BETWEEN NOS. 42 AND 43.

23          I WILL CONVENE THE JURY, EXPLAIN TO THEM THAT

24   ESSENTIALLY THOSE ARE THE SAME AND THAT THE ONLY DIFFERENCE

25   WAS TO COMBINE TWO ELEMENTS INTO A SINGLE ONE, AND THEN I

1    WILL ASK THEM IF THERE ARE ANY OTHER INSTRUCTIONS THEY HAVE

2    ANY DOUBT ABOUT.   AND I BELIEVE THAT WE WILL EITHER MAKE

3    THEM A COPY OF THIS SET OF INSTRUCTIONS SO THEY WILL HAVE

4    TWO COPIES OF THE SAME SET, AND NOT SEND BACK THIS ONE THAT

5    HAVE THESE DEVIATIONS IN THEM.

6            MR. PANCER:   WILL YOUR HONOR ALSO -- I WOULD ASK,

7    ONE, THAT YOUR HONOR REREAD 46, SINCE IT WASN'T IN ONE OF

8    THE PACKAGES AND, TWO, MENTION TO THEM THAT THAT INSTRUCTION

9    WASN'T IN ONE OF THE PACKAGES AND REREAD IT.

10           THE COURT:   I COULD DO THAT.

11           MR. PANCER:   I THINK THAT IS IMPORTANT.

12           AND INSTRUCTION NO. 11 WASN'T IN --

13           THE COURT:   JUST A MOMENT.

14           MR. PANCER:   I AM SORRY.

15           THE COURT:   WHAT HAS 11 GOT TO DO WITH THIS?

16           MS. BROOKS:   IT IS ALSO MISSING FROM THE SECOND

17   PACKET, YOUR HONOR.   THAT IS WHERE THE NUMBERING GETS OFF.

18   IF THE JURORS HAVE BEEN RELYING ON THE LAW CONTAINED IN THE

19   SECOND PACKET --

20           MR. GURULE:   I HAD IT OUT OF ORDER, BUT I HAD IT

21   LISTED IN MY PACKET AS NO. 16.   I AM SURE IT IS IN THERE.

22           THE COURT:   CHECK IT.

23           MR. GURULE:   LET'S SEE IF IT IS LISTED AS 16.

24           YES, IT IS.

25           THE COURT:   THERE IT IS.   SO IT IS IN BOTH.

1        MR. GURULE:  IT IS IN BOTH PACKETS.

2        THE COURT:  THIS IS THE INSTRUCTION THAT:

3        "DEFENDANT HAS PLEADED" -- JUST A MOMENT --

4    "DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGE

5    CONTAINED IN THE INDICTMENT.  THIS PLEA PUTS IN

6    ISSUE EACH OF THE ESSENTIAL ELEMENTS OF THE

7    OFFENSE AS DESCRIBED IN THESE INSTRUCTIONS AND

8    IMPOSES UPON THE GOVERNMENT THE BURDEN OF

9    ESTABLISHING EACH OF THESE ELEMENTS BY PROOF

10    BEYOND A REASONABLE DOUBT."

11        IN THE DUPLICATE SET THAT WAS SENT TO THE JURY

12  THIS WAS NUMBERED 16; WHEREAS, IN THE ORIGINAL SET IT WAS

13  NUMBERED 11.  SO IT IS CONTAINED IN BOTH.

14        MR. PANCER:  THEN WE NEED TO GO THROUGH THESE

15  AGAIN TO FIGURE OUT WHERE THE NUMBERING GOT OFF.  I JUST

16  WANT TO MAKE SURE WE HAVE UNCOVERED ALL THE DIFFERENCES, YOUR

17  HONOR.

18        THE COURT:  YOU SHOULD BOTH DO THAT SO THAT WE HAVE

19  AN AGREEMENT.

20        MR. PANCER:  DID THEY JUST SAY THERE WAS ANOTHER

21  NOTE FROM THE JURY?

22        THE COURT:  I DIDN'T HEAR THAT.  WHO SAID THAT?

23        MR. PANCER:  I THOUGHT THE SECRETARY CAME IN AND

24  SAID THE JURY HAD A QUESTION.  I AM SORRY.  I MIGHT HAVE

25  MISHEARD.

1    THE COURT:  I DIDN'T HEAR IT.

2    MR. PANCER:  I AM PROBABLY JUST NERVOUS.

3    (PAUSE.)

4    THE COURT:  NOW, LET THE RECORD SHOW THAT ALL

5  COUNSEL HAVE REVIEWED THE TWO SETS OF INSTRUCTIONS.  HAVE

6  YOU AGREED ON WHAT, IF ANY, OTHER DIFFERENCES THERE ARE?

7    MR. GURULE:  IT APPEARS THAT THE ONLY DIFFERENCE

8  IS THAT THERE HAS BEEN A MISNUMBERING OF A PARTICULAR

9  INSTRUCTION, AND THAT INSTRUCTION READS AS FOLLOWS:

10    "AN ACT IS DONE WILLFULLY IF DONE VOLUNTARILY

11    AND INTENTIONALLY AND WITH THE SPECIFIC INTENT TO

12    DO SOMETHING THE LAW FORBIDS, THAT IS, FOR THE

13    PURPOSE EITHER TO DISOBEY OR TO DISREGARD THE

14    LAW."

15    THAT PARTICULAR INSTRUCTION IS IN BOTH PACKETS,

16  BUT JUST IN DIFFERENT LOCATIONS, AND THAT HAS CAUSED A

17  MISNUMBERING, BUT IT IS IN BOTH.

18    THE COURT:  OTHERWISE -- I THOUGHT YOU WERE

19  FINISHED.

20    MS. BROOKS:  NO, NOT QUITE, YOUR HONOR.

21    (PAUSE.)

22    MS. BROOKS:  THIS IS THE ONE THAT IS MISSING,

23  INSTRUCTION 46, IN THE COURT'S PACKET.

24    (DISCUSSION OFF THE RECORD.)

25    THE COURT:  WILL SOMEBODY NOW STATE FOR THE RECORD,

1 AFTER YOU HAVE REVIEWED THESE, WHAT, IF ANYTHING, YOU HAVE

2 FOUND.

3          MS. BROOKS:  YES, YOUR HONOR.  AFTER REVIEWING

4 THE -- I WILL CALL IT THE COURT'S ORIGINAL INSTRUCTION

5 PACKET, WHICH IS WHAT THE COURT READ TO THE JURY.  IN THAT,

6 YOUR HONOR, COURT'S INSTRUCTION NO. 11 IS THE SAME AS

7 COURT'S INSTRUCTION NO. 16 IN THE SECOND PACKET.  SO THAT

8 IS TAKEN CARE OF.

9          COURT'S INSTRUCTION NO. 35 IS THE SAME AS

10 INSTRUCTION 46 IN THE SECOND PACKET, SO THAT IS TAKEN CARE

11 OF.

12          THE PROBLEM IS COURT'S INSTRUCTION NOS. 46 AND 47

13 ARE MISSING IN THEIR ENTIRETY IN THE COURT'S SECOND PACKET.

14 THESE WERE TWO INSTRUCTIONS THAT WERE SUBMITTED BY THE

15 DEFENDANT REGARDING THE DEFINITION OF CONSPIRACY THAT WERE

16 ARGUED BY THE DEFENSE IN CLOSING ARGUMENT RATHER VEHEMENTLY

17 AND THAT WERE GIVEN TO THE JURY ORIGINALLY.

18          THE COURT:  LET ME SEE THOSE.

19          MS. BROOKS:  YES, YOUR HONOR.

20          AND WE WOULD RENEW OUR MOTION FOR A MISTRIAL.

21          THE COURT:  DID YOU SAY 46 AND 47?

22          MS. BROOKS:  YES.

23          THE COURT:  I DID READ THESE TO THE JURY?

24          MS. BROOKS:  YES, YOUR HONOR.

25          THE COURT:  ALL RIGHT.  NOW, THEN, TO CLARIFY THE

1  JURY'S PROBLEM -- YOU MAKE A MOTION FOR MISTRIAL BECAUSE

2  THESE INSTRUCTIONS WERE MISSING FROM THE SECOND PACKAGE OF

3  INSTRUCTIONS?

4          MS. BROOKS:  YES, YOUR HONOR.  IT IS OUR CONCERN

5  THAT HALF THE JURY HAS BEEN RELYING ON THE SECOND PACKAGE

6  THAT IS MISSING SOME OF THE LANGUAGE CONTAINED IN

7  INSTRUCTIONS 46 AND 47, AND BECAUSE OF THE OBVIOUS CONFUSION

8  BETWEEN INSTRUCTIONS 42 AND 43 IN A DIFFERENT LANGUAGE,

9  THAT THERE MAY BE NO WAY TO UNDO --

10          THE COURT:  ALL RIGHT.  JUST MAKE YOUR OBJECTION.

11  WE DON'T NEED ALL THE LANGUAGE ON THE RECORD.

12          MS. BROOKS:  WE WOULD MOVE FOR A MISTRIAL AT THIS

13  TIME, YOUR HONOR.

14          THE COURT:  THE MOTION IS DENIED.  ESSENTIALLY

15  THESE INSTRUCTIONS ARE CONTAINED, MAYBE IN DIFFERENT WORDS,

16  IN BOTH PACKAGES.

17          IS THAT ALL NOW?  HAVE WE COVERED EVERYTHING?

18          MR. GURULE:  YES, YOUR HONOR.

19          MS. BROOKS:  YES, YOUR HONOR.

20          THE COURT:  THE COURT WILL CONVENE THE JURY,

21  EXPLAIN TO THEM THE DIFFERENCES BETWEEN 42 AND 43, AND TELL

22  THEM THAT THEY ARE ESSENTIALLY THE SAME, THAT THEY WERE

23  SIMPLY MODIFIED TO READ A LITTLE BETTER; THAT 46 AND 47 ARE

24  MISSING FROM THE SECOND SET OF INSTRUCTIONS, AND I WILL READ

25  THOSE AGAIN TO THEM.

1    THAT WOULD COVER IT, WOULDN'T IT?

2    MR. PANCER:  YES, YOUR HONOR.

3    MR. RANDOLPH:  WILL THE COURT BE SENDING IN THE

4    SECOND SET OF INSTRUCTIONS, YOUR HONOR?

5    THE COURT:  I THINK IF WE SEND IN THE SECOND SET,

6    WE WILL MAKE A SECOND SET OF THE COURT'S ORIGINAL

7    INSTRUCTIONS.  JUST RUN OFF A COPY AND SEND THAT IN.

8    MS. BROOKS:  COULD THE JURY ALSO BE TOLD THAT THAT

9    IS WHAT IS HAPPENING.

10    THE COURT:  YES.

11    MR. PANCER:  FOR THE RECORD, WE WOULD WANT THE

12    INSTRUCTION 43 THAT WAS IN THE SECOND PACKAGE TO GO BACK TO

13    THE JURY.

14    THE COURT:  WE WILL RECONVENE THEM WHEN THEY

15    RETURN FROM LUNCH AND DO THAT.

16    MR. RANDOLPH:  WHAT TIME WOULD YOU LIKE US HERE?

17    THE COURT:  THEY HAVEN'T LEFT FOR LUNCH YET, HAVE

18    THEY?

19    THE CLERK:  THEY ARE READY TO GO, AND THE BUS IS

20    HERE.

21    THE COURT:  ARE THE DEFENDANTS HERE?

22    THE CLERK:  YES, THEY ARE.

23    THE COURT:  WHY DON'T WE DO THAT NOW.

24                        x x x

25

LOS ANGELES, CALIFORNIA; MONDAY, SEPTEMBER 26, 1988; 12:05 PM

1      (JURY PRESENT.)

2          THE COURT:  LADIES AND GENTLEMEN OF THE JURY, THE

3   COURT HAS CONVENED YOU IN ORDER TO EXPLAIN -- TO ANSWER THE

4   QUESTION THAT YOU SENT TO THE COURT REGARDING THE APPARENT

5   DIFFERENCES IN INSTRUCTIONS 42 AND 43 FROM THE TWO SETS.

6   I WANT TO EXPLAIN THAT THOSE INSTRUCTIONS, WHILE THEY ARE

7   DIFFERENT IN TERMINOLOGY, ARE EXACTLY THE SAME IN SUBSTANCE,

8   AND I WILL TELL YOU WHAT WE DID, AND WE ARE SORRY THAT WE

9   DID NOT HAVE THE SAME VERSION IN BOTH INSTRUCTIONS.

10          BUT INSTRUCTION NO. 43 FROM THE DUPLICATE SET

11   CONTAINED FIVE ELEMENTS, AND ALL THAT WAS DONE TO MAKE THEM

12   THE SAME, INSTEAD OF LISTING THE NAME OF EACH DEFENDANT --

13   FOR EXAMPLE, INSTRUCTION 43 SAID THAT AS TO THE DEFENDANT

14   VERDUGO, THAT HE WILLFULLY PARTICIPATED OR WILLFULLY AIDED

15   AND ABETTED THE COMMISSION OF THE KIDNAPPING OR MURDER FOR

16   THE PURPOSES SPECIFIED.  AND THE FIFTH STATED THAT AS TO

17   DEFENDANT LOPEZ-ALVAREZ, THAT HE WILLFULLY PARTICIPATED OR

18   WILLFULLY AIDED AND ABETTED THE COMMISSION OF THE KIDNAPPING

19   OR MURDER FOR THE PURPOSES SPECIFIED.

20          INSTEAD OF LISTING THEM SEPARATELY, WE COMBINED

21   THOSE TWO ELEMENTS TO STATE THAT THE DEFENDANTS WILLFULLY

22   PARTICIPATED OR WILLFULLY AIDED AND ABETTED THE COMMISSION

23   OF THE KIDNAPPING OR MURDER FOR THE PURPOSES SPECIFIED.

24   THAT IS THE ONLY DIFFERENCE BETWEEN THE TWO.  SO ELEMENT

25   FOUR, THAT THE ELEMENTS WILLFULLY PARTICIPATED OR WILLFULLY

1    AIDED AND ABETTED THE COMMISSION OF THE KIDNAPPING OR

2    MURDER FOR THE PURPOSES SPECIFIED APPLIES EQUALLY TO BOTH

3    OF THE DEFENDANTS WHO WERE CHARGED WITH THAT OFFENSE,

4    MR. VERDUGO AND MR. LOPEZ-ALVAREZ.

5         DOES THAT CLARIFY IT?

6         THE FOREPERSON:  NO.  I THINK OUR QUESTION, YOUR

7    HONOR, WAS ON INSTRUCTION NO. 42, THE ONE THAT IS MARKED

8    WITH THE CASE NUMBER.

9         THE COURT:  YES.

10        THE FOREPERSON:  IT SUGGESTS THAT WE SHOULD USE

11   FOUR ESSENTIAL ELEMENTS.  ON THE OTHER ONE IT SUGGESTED WE

12   USE THREE ELEMENTS.

13        THE COURT:  THAT WAS ERRONEOUS.  THAT ONE SHOULD

14   REALLY READ FIVE ELEMENTS BECAUSE WE HAD LISTED FIVE ELEMENTS

15   ON INSTRUCTION 43.  BUT WHEN THAT WAS CORRECTED -- THIS

16   DUPLICATE WAS SENT IN INADVERTENTLY AND IT SHOULD NOT HAVE

17   BEEN BECAUSE THIS WAS BEFORE WE CHANGED IT TO INSTRUCTION

18   NO. 42.

19        IT IS SIMPLY IMPORTANT TO UNDERSTAND THAT THE

20   INSTRUCTION APPLIES TO EACH OF THE DEFENDANTS WHO WERE

21   CHARGED WITH THAT OFFENSE.

22        THE FOREPERSON:  ALL RIGHT.  WE HAVE BEEN USING --

23   UNTIL TODAY WE HAVE BEEN USING THE ONE WITH THE CASE NUMBER

24   ON IT.

25        THE COURT:  YOU HAVE BEEN USING THAT ENTIRELY?

1        THE FOREPERSON:  ENTIRELY, YES.

2        THE COURT:  UP UNTIL TODAY.  TODAY IS THE FIRST

3  TIME YOU LOOKED AT THE OTHER ONE?

4        THE FOREPERSON:  YES, TODAY IS THE FIRST TIME THAT

5  WE USED THE OTHER ONE.

6        THE COURT:  ALL RIGHT.  I AM GLAD YOU BROUGHT THIS

7  TO OUR ATTENTION.  NOW, SINCE YOU DID BRING IT TO OUR

8  ATTENTION AND BECAUSE OF OUR CONCERN, WE WENT THROUGH THE

9  SECOND SET TO DETERMINE WHETHER OR NOT THERE WERE ANY OTHER

10  INSTRUCTIONS THAT WERE NOT INCLUDED IN IT THAT SHOULD HAVE

11  BEEN, AND WE FOUND TWO THAT ARE CONTAINED IN THE SET OF

12  INSTRUCTIONS THAT HAS THE COURT'S CASE NUMBER ON IT THAT

13  WERE GIVEN TO YOU ORALLY HERE IN COURT, BUT THE COPY OF

14  WHICH WERE NOT INCLUDED IN THE SECOND SET, AND I AM GOING TO

15  READ THOSE TO YOU AT THIS TIME SO THAT YOU WILL BE REMINDED

16  OF THEM, AND THEY RELATE TO THE CRIME OF CONSPIRACY.

17        "INSTRUCTION NO. 46:  A CONSPIRACY IS A

18     COMBINATION OF TWO OR MORE PERSONS BY CONCERTED

19     ACTION TO ACCOMPLISH SOME UNLAWFUL PURPOSE OR TO

20     ACCOMPLISH SOME LAWFUL PURPOSE BY UNLAWFUL MEANS.

21     SO A CONSPIRACY IS A KIND OF PARTNERSHIP IN

22     CRIMINAL PURPOSES IN WHICH EACH MEMBER BECOMES

23     THE AGENT OF THE OTHER MEMBER.  THE GIST OF THE

24     OFFENSE IS A COMBINATION OR AGREEMENT TO DISOBEY

25     OR TO DISREGARD THE LAW.  MERE SIMILARITY OF CONDUCT

AMONG VARIOUS PERSONS AND THE FACT THAT THEY MAY
HAVE ASSOCIATED WITH EACH OTHER AND MAY HAVE
ASSEMBLED TOGETHER AND DISCUSSED COMMON AIMS AND
INTERESTS DOES NOT NECESSARILY ESTABLISH PROOF
OF THE EXISTENCE OF A CONSPIRACY.  HOWEVER, THE
EVIDENCE IN THE CASE NEED NOT SHOW THAT THE
MEMBERS ENTERED INTO ANY EXPRESS OR FORMAL
AGREEMENT OR THAT THEY DIRECTLY BY WORDS SPOKEN
OR IN WRITING STATED BETWEEN THEMSELVES WHAT
THEIR OBJECT OR PURPOSE WAS TO BE OR THE DETAILS
THEREOF OR THE MEANS BY WHICH THE OBJECT OR PURPOSE
WAS TO BE ACCOMPLISHED.

"WHAT THE EVIDENCE IN THE CASE MUST SHOW
BEYOND A REASONABLE DOUBT IN ORDER TO ESTABLISH
PROOF THAT A CONSPIRACY EXISTED IS THAT THE MEMBERS
IN SOME WAY OR MANNER OR THROUGH SOME CONTRIVANCE,
POSITIVELY OR TACITLY, CAME TO A MUTUAL
UNDERSTANDING TO TRY TO ACCOMPLISH A COMMON AND
UNLAWFUL PLAN.

"THE EVIDENCE IN THE CASE NEED NOT ESTABLISH
THAT ALL THE MEANS OR METHODS SET FORTH IN THE
INDICTMENT WERE AGREED UPON TO CARRY OUT THE
ALLEGED CONSPIRACY, NOR THAT ALL MEANS OR METHODS
WHICH WERE AGREED UPON WERE ACTUALLY USED OR PUT
INTO OPERATION, NOR THAT ALL OF THE PERSONS

1    CHARGED TO HAVE BEEN MEMBERS OF THE ALLEGED

2    CONSPIRACY WERE SUCH.  WHAT THE EVIDENCE IN THE

3    CASE MUST ESTABLISH BEYOND A REASONABLE DOUBT

4    IS THAT THE ALLEGED CONSPIRACY WAS KNOWINGLY

5    FORMED AND THAT ONE OR MORE OF THE MEANS OR

6    METHODS DESCRIBED IN THE INDICTMENT WERE AGREED

7    UPON TO BE USED IN AN EFFORT TO EFFECT OR

8    ACCOMPLISH SOME OBJECT OR PURPOSE OF THE CONSPIRACY

9    AS CHARGED IN THE INDICTMENT AND THAT TWO OR MORE

10   PERSONS, INCLUDING ONE OR MORE OF THE ACCUSED,

11   WERE KNOWINGLY MEMBERS OF THE CONSPIRACY AS

12   CHARGED IN THE INDICTMENT."

13        INSTRUCTION 47 READS AS FOLLOWS:

14        "ONE MAY BECOME A MEMBER OF THE CONSPIRACY

15   WITHOUT FULL KNOWLEDGE OF ALL OF THE DETAILS OF

16   THE CONSPIRACY.  ON THE OTHER HAND, A PERSON WHO

17   HAS NO KNOWLEDGE OF A CONSPIRACY, BUT HAPPENS TO

18   ACT IN A WAY WHICH FURTHERS SOME OBJECT OR PURPOSE

19   OF THE CONSPIRACY, DOES NOT THEREBY BECOME A

20   CONSPIRATOR.

21        "BEFORE THE JURY MAY FIND THAT A DEFENDANT

22   OR ANY OTHER PERSON HAS BECOME A MEMBER OF A

23   CONSPIRACY, THE EVIDENCE IN THE CASE MUST SHOW

24   BEYOND A REASONABLE DOUBT THAT THE CONSPIRACY

25   WAS KNOWINGLY FORMED AND THAT THE DEFENDANT OR

1    OTHER PERSONS WHO ARE CLAIMED TO HAVE BEEN A

2    MEMBER WILLFULLY PARTICIPATED IN THE UNLAWFUL

3    PLAN WITH THE INTENT TO ADVANCE OR FURTHER SOME

4    OBJECT OR PURPOSE OF THE CONSPIRACY.

5        "TO ACT OR PARTICIPATE WILLFULLY MEANS TO

6    ACT OR PARTICIPATE VOLUNTARILY AND INTENTIONALLY

7    AND WITH SPECIFIC INTENT TO DO SOMETHING THE LAW

8    FORBIDS, THAT IS TO SAY, TO ACT OR PARTICIPATE

9    WITH THE PURPOSE EITHER TO DISOBEY OR TO

10    DISREGARD THE LAW.  SO IF A DEFENDANT OR ANY

11    OTHER PERSON WITH UNDERSTANDING OF THE UNLAWFUL

12    CHARACTER OF A PLAN KNOWINGLY ENCOURAGES, ADVISES

13    OR ASSISTS FOR THE PURPOSE OF FURTHERING THE

14    UNDERTAKING OR SCHEME, HE THEREBY BECOMES A

15    WILLFUL PARTICIPANT, A CONSPIRATOR, ONE WHO

16    WILLFULLY JOINS AN EXISTING CONSPIRACY, CHARGED

17    WITH THE SAME RESPONSIBILITY AS IF HE HAD BEEN

18    ONE OF THE ORIGINATORS OR INSTIGATORS OF THE

19    CONSPIRACY.

20        "IN DETERMINING WHETHER A CONSPIRACY EXISTED,

21    THE JURY SHOULD CONSIDER THE ACTIONS AND

22    DECLARATIONS OF ALL OF THE ALLEGED PARTICIPANTS.

23    HOWEVER, IN DETERMINING WHETHER A PARTICULAR

24    DEFENDANT WAS A MEMBER OF THE CONSPIRACY, IF ANY,

25    THE JURY SHOULD CONSIDER ONLY HIS ACTS AND

1    STATEMENTS.  HE CANNOT BE BOUND BY THE ACTS OR

2    DECLARATIONS OF OTHER PARTICIPANTS UNTIL IT IS

3    ESTABLISHED THAT A CONSPIRACY EXISTED AND THAT

4    HE WAS ONE OF ITS MEMBERS."

5         THOSE ARE THE TWO INSTRUCTIONS THAT I HAD READ TO

6    YOU PREVIOUSLY, BUT WHICH WERE OMITTED FROM THE SECOND

7    PACKAGE.  NOW, TO ENSURE THAT THIS DOES NOT HAPPEN AGAIN,

8    WE ARE GOING TO MAKE AN EXACT COPY OF THE SET OF

9    INSTRUCTIONS THAT I READ TO YOU IN COURT AND WHICH HAS THE

10   COURT'S CASE NUMBER ON IT AND SEND THAT IN IN PLACE OF THE

11   OTHER INSTRUCTIONS.

12        COUNSEL, HAS THE COURT COVERED THE MATTERS WE

13   DISCUSSED?

14        MS. BROOKS:  YES, YOUR HONOR.

15        MR. GURULE:  YES, YOUR HONOR.  THANK YOU, YOUR

16   HONOR.

17        THE COURT:  ALL RIGHT.  THE JURY IS EXCUSED.

18   SORRY THAT WE DELAYED YOUR LUNCH, BUT I UNDERSTAND THAT THE

19   VEHICLE IS AWAITING YOU.

20        (NOON RECESS FROM 12:30 P.M. UNTIL 1:30 P.M.)

21              - - -

22        I CERTIFY THAT THE FOREGOING IS A CORRECT

23        TRANSCRIPT FROM THE RECORD OF PROCEEDINGS

24        IN THE ABOVE-ENTITLED MATTER.

25        _Velma B. Thomas_                    _10/25/88_
          OFFICIAL REPORTER                    DATE