# EXHIBIT A



U.S. Department of Justice

950 Pennsylvania Ave., NW, Room 2261
Washington, DC 20530

April 27, 2018

Hilary Potashner
Federal Public Defender
Central District of California
411 W. 4th Street, #7-110
Santa Ana, CA 92701

Re:   United States v. Juan Jose Bernabe-Ramirez, Case No. 87-422(F) ER

Dear Ms. Potashner:

    We recently undertook a review of certain evidence that was presented in the above captioned case. Enclosed please find a letter dated April 20, 2018, that we sent to the prosecutor in this case. We have also forwarded that letter to the Innocence Project and the National Association of Criminal Defense Attorneys.

    We are sending this letter to you as the last known counsel of record of whom we are aware. If you know of a lawyer who represented the defendant in this matter at a later point, please provide us with the contact information for that lawyer. Please also send an acknowledgement of your receipt of this letter. You may reach us at the following email address: USAEO.HairReview@usdoj.gov.

    Thank you for your cooperation on this matter.

Sincerely,

Norman Wong
Special Counsel

Enclosure

**Ex. A-1**



U.S. Department of Justice

950 Pennsylvania Ave., NW, Room 2261
Washington, DC 20530

April 20, 2018

Nicola T. Hanna
United States Attorney
Central District of California
312 North Spring Street, Ste 1200
Los Angeles, CA 90012

Re:   United States v. Juan Jose Bernabe-Ramirez, Case No. 87-422(F) ER

Dear Ms. Hanna:

We write to advise you of the results of a review by the United States Department of Justice (the "Department") and the Federal Bureau of Investigation ("FBI" and collectively with the Department "DOJ") of laboratory reports and testimony by FBI Laboratory examiners in cases involving microscopic hair comparison analysis. Although we have found error either in the FBI Laboratory report or in examiner testimony that has been presented in this matter, the Innocence Project and the National Association of Criminal Defense Attorneys ("IP/NACDL") believe that additional or different error exists in the report or testimony regarding microscopic hair comparison analysis used in this case. This error and the process through which it was identified are explained in more detail below. We ask that you determine the actions your office should take in light of this situation.

I.   **Background**

DOJ has been engaged in a review of microscopic hair comparison reports and testimony presented by the FBI Laboratory before December 31, 1999, after which mitochondrial DNA testing became routine. The science underlying microscopic hair comparison is not the subject of this review. However, in some cases, FBI Laboratory examiners exceeded the limits of science by overstating the conclusions that may appropriately be drawn from a positive association between evidentiary hair and a known hair sample. This is in contrast to cases in which the FBI Laboratory report and examiner testimony presented conclusions that may appropriately be drawn from a positive association. Thus, the purpose of this review is to ensure that FBI Laboratory reports and examiner testimony regarding microscopic hair comparison analysis met accepted scientific standards and to identify those cases in which those standards were not met so that any appropriate remedial action may be taken.

**Ex. A-2**

## II. Error Identified in this Matter

DOJ and the IP/NACDL have determined that the microscopic hair comparison analysis testimony or laboratory report presented in this case included statements that exceeded the limits of science in one or more of the following ways and were, therefore, invalid: (1) the examiner stated or implied that the evidentiary hair could be associated with a specific individual to the exclusion of all others - this type of testimony exceeded the limits of the science; (2) the examiner assigned to the positive association a statistical weight or probability or provided a likelihood that the questioned hair originated from a particular source, or an opinion as to the likelihood or rareness of the positive association that could lead the jury to believe that valid statistical weight can be assigned to a microscopic hair association - this type of testimony exceeded the limits of the science; or (3) the examiner cites the number of cases or hair analyses worked in the laboratory and the number of samples from different individuals that could not be distinguished from one another as a predictive value to bolster the conclusion that a hair belongs to a specific individual - this type of testimony exceeded the limits of the science. (A copy of the documents upon which DOJ's and the IP/NACDL's differing determinations are based is enclosed.)

## III. Potential Victim Notification

We recommend that you promptly advise the appropriate victim advocate in your office of this situation, so that he/she may determine how and when to inform the victim or the victim's family that this matter may be the subject of further litigation and that they may be contacted by the defense.

## IV. Potential DNA Testing

In the event that your office determines that further testing is appropriate or necessary or the court orders such testing, the FBI is available to provide mitochondrial DNA testing of the relevant hair evidence or STR testing of related biological evidence if testing of hair evidence is no longer possible, if (1) the evidence to be tested is in the government's possession or control, and (2) the chain of custody for the evidence can be established.

## V. Report of Action Taken

To assist us in monitoring the status of cases involving microscopic hair analysis comparisons, we ask that you please advise us by May 30, 2018, if you intend to take any action based on the information that we are providing to you. Please send this information to USAEO.HairReview@usdoj.gov, and let us know if we can be of any assistance.

## VI. Additional Notifications

You should be aware that we are also notifying the defense, as well as the Innocence Project and the National Association of Criminal Defense Lawyers of this situation. These organizations have expressed an interest in determining whether improper reports or testimony affected any convictions and, if so, to ensure appropriate remedial actions are taken. To assist

them in their evaluation, we will provide them with information from our files, including copies of FBI Laboratory examiners' reports and testimony, as well as our assessment of those reports and testimony.

If you have any questions regarding this matter, please contact us at the email address provided above.

Sincerely,

Norman Wong
Special Counsel

Enclosure

## Response Sheet

*Please send completed form within 14 days to:*

**FBI POC**
FBI Laboratory
Quantico, VA 22135
**Fax: 703-632-7714**
**Email:** FBICaseReview2@ic.fbi.gov (please include in the subject line "IP and NACDL response" and the name of the defendant)

Referenced FBI Case Number: **7-HQ-19628C**

Court Docket Number: **87-422 (F) ER**

Subject(s)/Defendant(s): **Juan Jose Bernabe-Ramirez**

**Independent Findings of both the Innocence Project (IP) and the National Association of Criminal Defense Lawyers (NACDL):**

___ The IP and NACDL independently concur with the conclusion reached by the FBI Microscopic Hair Comparison Analysis Review that the materials reviewed contain no instances of Error 1, Error 2, or Error 3.

___ The IP and NACDL independently concur with the conclusion reached by the FBI Microscopic Hair Comparison Analysis Review that the materials reviewed contain the following Error Types:

___ Error 1
___ Error 2
___ Error 3

_X_ The IP and NACDL independently disagree with the conclusion reached by the FBI Microscopic Hair Comparison Analysis Review because, contrary to that conclusion, the IP and NACDL have found that the materials reviewed contain the following error types:

_X_ Error 1
_X_ Error 2
_X_ Error 3

Comments: additional errors noted below:

1. **p. 16-117, l. 8-10,** "The actual microscopic characteristics that are going to make my hair different from your hair or different from somebody else's are much smaller." **Error 1**

2. **p. 17-15, l. 4-5,** "...the hairs that I did not match to individuals, other than to determine color, racial characteristics and body area, I didn't take it any further than that." And lines 20-21 "...unless I match it to somebody, there's no point in doing it." **Error 1**

3. **P. 17-19: 3-4:** "They were exact, as I found one hair in there that was absolutely exact in the same pattern." **Error 2.**

_X_ The IP and NACDL would like to meet with the FBI (in person or by phone) to discuss the differing opinions of both the IP and NACDL regarding the appropriateness of FBI testimony and/or lab reports.

This document is the property of the Federal Bureau of Investigation.
Do not disseminate further without the prior written authorization of the FBI Office of the General Counsel.
03/26/13

**Ex. A-5**



**U.S. Department of Justice**

**Federal Bureau of Investigation**

Washington, D.C., 20535-0001

**MICROSCOPIC HAIR COMPARISON ANALYSIS**
**RESULT OF REVIEW**

After review page 113 not received in transcript. Dated: June 19, 1990

Date: March 14, 2016

To: Innocence Project.
Microscopic Hair Comparison Analysis Review Team

From: Federal Bureau of Investigation
Microscopic Hair Comparison Analysis Review Team

FBI File Number: 7-HQ-19628C
Criminal Docket Number: 87-422 (F) ER
Defendant: Juan Jose Bernabe-Ramirez
Victim: Camarena, Enrique Salazar, DEA Agent
Contributor: Drug Enforcement Administration
8701 Morrissette Drive
Springfield, VA 22152

_X_ Trial  ___ Plea  ___ Stipulation
_X_ Transcript enclosed
___ Lab Report enclosed

      Pursuant to the Letter of Agreement between our organizations, this letter serves to provide your office with the results from the Federal Bureau of Investigation (FBI) Microscopic Hair Comparison Analysis Review regarding the analysis of testimony and lab reports provided in the above-referenced case. Please notify the FBI, within 14 days of receipt of this letter, as to whether or not the Innocence Project (IP) agrees with the FBI's conclusions.

The FBI has conducted its review of the report issued in this case and found it to contain:

___ **Appropriate Statements**            ___ **Inappropriate Statements**

The FBI has conducted its review of the FBI testimony transcript and/or stipulation in accordance with the November 9, 2012 agreed upon scientific standards between the IP and FBI with the following results:

_X_ **Error Type 1:** The examiner stated or implied that the evidentiary hair could be associated with a specific individual to the exclusion of all others. This type of testimony exceeds the limits of the science.

_X_ **Error Type 2:** The examiner assigned to the positive association a statistical weight or probability or provided a likelihood that the questioned hair originated from a particular source, or an opinion as to the likelihood or rareness of the positive association that could lead the jury to believe that valid statistical weight can be assigned to a microscopic hair association. This type of testimony exceeds the limits of the science.

_X_ **Error Type 3:** The examiner cites the number of cases or hair analyses worked in the lab and the number of samples from different individuals that could not be distinguished from one another as a predictive value to bolster the conclusion that a hair belongs to a specific individual. This type of testimony exceeds the limits of the science.

___ **Appropriate**

This document may contain information protected by the Privacy Act of 1974 and is provided by the FBI to your agency solely for authorized law enforcement purposes. The information contained herein may not be further disclosed or disseminated without the express consent of the FBI.

**Ex. A-6**

# Response Sheet

*Please send completed form within 14 days to:*

**Cherise B. Dreyfus**
FBI Laboratory
2501 Forensic Way
Quantico, VA 22135
**Fax:** 703-632-7714
**Email:** FBICaseReview2@ic.fbi.gov (please include in the subject line "IP response" and the name of the defendant)

Referenced FBI Case Number: 7-HQ-19628C

Court Docket Number: 87-422 (F) ER

Subject(s)/ Defendant(s): Juan Jose Bernabe-Ramirez

**Findings of the Innocence Project (IP):**

___ The IP concurs with the conclusion reached by the FBI Microscopic Hair Comparison Analysis Review, or

___ The IP disagrees with the conclusion reached by the FBI Microscopic Hair Comparison Analysis Review for the following reasons:

    ___ Error 1

    ___ Error 2

    ___ Error 3

    ___ Appropriate

___ The IP would like to meet with the FBI (in person or by phone) to discuss the differing opinions regarding the appropriateness of FBI testimony and/or lab reports.

This document may contain information protected by the Privacy Act of 1974 and is provided by the FBI to your agency solely for authorized law enforcement purposes. The information contained herein may not be further disclosed or disseminated without the express consent of the FBI.

Ex. A-7

Version 1/6/2015

# FBI Microscopic Hair Comparison Analysis Review
## Evaluation Form

| Case Information: | |
|---|---|
| Case Number: | 7-HQ-19628A, 7-HQ-19628B, 7-HQ-19628C, 7-HQ-19628D |
| Defendant(s): | Juan Ramon Matta-Ballesteros, Ruben Zuno-Arce, Juan Jose Bernabe-Ramirez, Javier Vasquez-Velasco |
| Date of Review: | 3/9/2016 |
| Standard Applied: | MHCA Standards dated 11/9/2012 |
| **Review of Testimony:** | |
| Date of Testimony: | 6/19 and 6/20/1990 |
| Testifying Examiner: | Malone |
| Name of Prosecutor: | John L. Carlton |
| Name of Defense: | Martin R. Stolar, Michael J. Burns, Adolfo Z. Aguila (for Matta Ballesteros)<br>Edward M Medvene, James Blancarte, Rondald Di Nicola, Mary E. Fulginiti (for Zuno-Arce)<br>Mary Kelly and Michael Meza (for Bernabe-Ramirez)<br>Gregory Nicolaysen (for Vasquez-Velasco) |
| Testimony Results (mark as appropriate): | |
| Inappropriate Statements: | ☒ Yes ☐ No |
| Limiting Language Included in Testimony? | ☒ Yes ☐ No |
| Identify by Page and Line Number(s): | Pg 16-120, ln 7-9         Pg 17-37, ln 22-24<br>Pg 16-216, ln 21 to pg 16-217, ln 4    Pg 17-38, ln 8-11<br>Pg 16-217, ln 20-21       Pg 17-79, ln 8-10<br>Pg 17-26, ln 5-6          Pg 17-84, ln 16-18<br>Pg 17-36, ln 15-23 |
| If testimony contained Inappropriate Statements, cite each by Error type, page(s) and line number(s): | |
| Pg 16-120, ln 12-14 (E2/E3)   Pg 16-207, ln 16 (E2)    Pg 17-32, ln 4 (E2)<br>Pg 16-121, ln 11-12 (E2)      Pg 16-207, ln 20 (E1)    Pg 17-36, ln 2-9 (E1)<br>Pg 16-159, ln 15-16 (E1)      Pg 16-208, ln 12-13 (E2) Pg 17-37, ln 11-21 (E1)<br>Pg 16-159, ln 19-22 (E1)      Pg 16-209, ln 6-7 (E2)   Pg 17-38, ln 19-24 (E1)<br>Pg 16-162, ln 4 (E1)          Pg 16-210, ln 2-3 (E2)   Pg 17-79, ln 11-12 (E2)<br>Pg 16-205, ln 16-17 (E2)      Pg 17-9, ln 9-10 (E1)    Pg 17-80, ln 3-10 (E2)<br>Pg 16-206, ln 5-6 (E2)        Pg 17-24, ln 10 (E1)     Pg 17-80, ln 11-18 (E2/E3)<br>Pg 16-207, ln 5-6 (E2)        Pg 17-26, ln 6 (E2)      Pg 17-84, ln 15 (E2) | |

Page 1 of 1

Ex. A-8