# EXHIBIT B



U.S. Department of Justice

*950 Pennsylvania Ave., NW*
*Washington, DC 20530*

October 17, 2014

Michael M. Pancer
105 West F Street
San Diego, CA 92101

     Re:    <u>United States v. Rene Verdugo-Urquidez, Case No. 87-422(A) ER</u>

Dear Mr. Pancer:

      We recently undertook a review of certain evidence that was presented in the above-captioned case. Enclosed please find a letter dated October 10, 2014, which we sent to the prosecutor in this case. We are also forwarding the letter to the Innocence Project and the National Association of Criminal Defense Lawyers.

      We are sending this letter to you as the last known counsel of record of whom we are aware. If you know of a lawyer who represented the defendant in this matter at a later point, please provide us with the contact information for that lawyer. Please also send an acknowledgement of your receipt of this letter. You may reach us at the following email address: USAEO.HairReview@usdoj.gov.

      Thank you for your cooperation on this matter.

                             Sincerely,

                             Norman Wong
                             Special Counsel

Enclosure

**Ex. B-1**



**U.S. Department of Justice**

*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

October 10, 2014

Stephanie Yonekura
United States Attorney
United States Attorney's Office
1200 U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012

> Re:   United States v. Rene Verdugo-Urquidez, Case No. 87-422(A)ER

Dear Ms. Yonekura:

We write to advise you of the results of a review by the United States Department of Justice (the "Department") and the Federal Bureau of Investigation ("FBI" and collectively with the Department "DOJ") of laboratory reports and testimony by FBI Laboratory examiners in cases involving microscopic hair comparison analysis. Through this review, we have determined that a report or testimony regarding microscopic hair comparison analysis containing erroneous statements was used in this case. This error and the process through which it was identified are explained in more detail below. We ask that you determine the actions your office should take in light of this error.

## I.    Background

DOJ has been engaged in a review of microscopic hair comparison reports and testimony presented by the FBI Laboratory before December 31, 1999, after which mitochondrial DNA testing became routine. The science underlying microscopic hair comparison is not the subject of this review. However, in some cases, FBI Laboratory examiners exceeded the limits of science by overstating the conclusions that may appropriately be drawn from a positive association between evidentiary hair and a known hair sample. This is in contrast to cases in which the FBI Laboratory report and examiner testimony presented conclusions that may appropriately be drawn from a positive association. Thus, the purpose of this review is to ensure that FBI Laboratory reports and examiner testimony regarding microscopic hair comparison analysis met accepted scientific standards and to identify those cases in which those standards were not met so that any appropriate remedial action may be taken.

**Ex. B-2**

## II.      Error Identified in this Matter

We have determined that the microscopic hair comparison analysis testimony or laboratory report presented in this case included statements that exceeded the limits of science and were, therefore, invalid: (1) the examiner stated or implied that the evidentiary hair could be associated with a specific individual to the exclusion of all others - this type of testimony exceeded the limits of the science; (2) the examiner assigned to the positive association a statistical weight or probability or provided a likelihood that the questioned hair originated from a particular source, or an opinion as to the likelihood or rareness of the positive association that could lead the jury to believe that valid statistical weight can be assigned to a microscopic hair association - this type of testimony exceeded the limits of the science; or (3) the examiner cites the number of cases or hair analyses worked in the laboratory and the number of samples from different individuals that could not be distinguished from one another as a predictive value to bolster the conclusion that a hair belongs to a specific individual - this type of testimony exceeded the limits of the science. (A copy of the documents upon which our determination is based is enclosed.)[1]  We take no position regarding the materiality of the error in this case.

## III.      Potential Victim Notification

We recommend that you promptly advise the appropriate victim advocate in your office of this error, so that he/she may determine how and when to inform the victim or the victim's family that this matter may be the subject of further litigation and that they may be contacted by the defense.

## IV.      Potential DNA Testing

In the event that your office determines that further testing is appropriate or necessary or the court orders such testing, the FBI is available to provide mitochondrial DNA testing of the relevant hair evidence or STR testing of related biological evidence if testing of hair evidence is no longer possible, if (1) the evidence to be tested is in the government's possession or control, and (2) the chain of custody for the evidence can be established.

## V.      Potential Waiver of Procedural Defenses

In the event that the defendant seeks post-conviction relief under 28 U.S.C. §2255, based on the Department's disclosure that microscopic hair comparison laboratory reports or testimony used in this case contained statements that exceeded the limits of science, in the interest of justice, the United States is waiving reliance on the statute of limitations under Section 2255(f) and any procedural-default defense in order to permit the resolution of legal claims arising from the erroneous presentation of microscopic hair examination laboratory reports or testimony.

---

[1]  You should be aware that after reviewing transcripts and laboratory reports in a number of different cases, the FBI conducted additional review of this case.  However, certain aspects of the approach of the additional review were rejected by the DOJ.  Accordingly, the results embodied in the attached report represent the official results of the FBI's review of this case.

2

**Ex. B-3**

## VI.    Report of Action Taken

To assist us in monitoring the status of cases involving microscopic hair analysis comparisons, we ask that you please advise us by November 20, 2014, if you intend to take any action based on the information that we are providing to you. Please send this information to USAEO.HairReview@usdoj.gov, and let us know if we can be of any assistance.

## VII.   Additional Notifications

You should be aware that we are also notifying the defense, as well as the Innocence Project and the National Association of Criminal Defense Lawyers of the error. These organizations have expressed an interest in determining whether improper reports or testimony affected any convictions and, if so, to ensure appropriate remedial actions are taken. To assist them in their evaluation, we will provide them with information from our files, including copies of FBI Laboratory examiners' reports and testimony, as well as our assessment of those reports and testimony.

If you have any questions regarding this matter please contact us at the email address provided above.

Sincerely,

Norman Wong
Special Counsel

Enclosures

3

**Ex. B-4**

9/24/2014

## Response Sheet

*Please send completed form within 14 days to:*

**FBI POC**
FBI Laboratory
Quantico, VA 22135
**Fax:** 703-632-7714
**Email:** FBICaseReview2@ic.fbi.gov (please include in the subject line "IP and NACDL response" and the name of the defendant)

Referenced FBI Case Number: 7-HQ-19628

Court Docket Number: 87-422(A) ER

Subject(s)/Defendant(s): Rene Verdugo-Urquidez

**Independent Findings of both the Innocence Project (IP) and the National Association of Criminal Defense Lawyers (NACDL):**

___ The IP and NACDL independently concur with the conclusion reached by the FBI Microscopic Hair Comparison Analysis Review that the materials reviewed contain no instances of Error 1, Error 2, or Error 3.

___ The IP and NACDL independently concur with the conclusion reached by the FBI Microscopic Hair Comparison Analysis Review that the materials reviewed contain the following Error Types:

___ Error 1

___ Error 2

___ Error 3

__X__ The IP and NACDL independently disagree with the conclusion reached by the FBI Microscopic Hair Comparison Analysis Review because, contrary to that conclusion, the IP and NACDL have found that the materials reviewed contain the following error types:

__X__ Error 1 – additional instances of Error 1

__X__ Error 2

___ Error 3

Comments: See details of additional instances of Error 1

(1) Q: "...you found both hairs matching the hairs of Special Agent Camarena?"
   A: "The forcibly removed hair. Yes. One." Error 1 (p10-192: 22-24)

(2) Q: "...were hairs matching the hairs of defendant Rene Verdugo?"
   A: "That's correct." Error 1 (p10-193: 1-2)

This document is the property of the Federal Bureau of Investigation.
Do not disseminate further without the prior written authorization of the FBI Office of the General Counsel.
03/26/13

Ex. B-5

9/24/2014

(3) "If you count the five different ways that I matched Special Agent Camarena, yes, this is somewhat true." Error 1 (p11-42: 6-7)


__ The IP and NACDL would like to meet with the FBI (in person or by phone) to discuss the differing opinions of both the IP and NACDL regarding the appropriateness of FBI testimony and/or lab reports.

This document is the property of the Federal Bureau of Investigation.
Do not disseminate further without the prior written authorization of the FBI Office of the General Counsel.
03/26/13

**Ex. B-6**



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D.C., 20535-0001

### MICROSCOPIC HAIR COMPARISON ANALYSIS
### RESULT OF REVIEW

Date:  September 11, 2014

To:  Innocence Project
Microscopic Hair Comparison Analysis Review Team

From:  Federal Bureau of Investigation
Microscopic Hair Comparison Analysis Review Team

FBI File Number: 7-HQ-19628
Criminal Docket Number: 87-422 (A) ER
Defendant: Verdugo-Urquidez, Rene
Victim: Camarena, Enrique Salazar, DEA Agent

_X_ Trial    __ Plea   __ Stipulation
_X_ Transcript enclosed
__ Lab Report enclosed

Pursuant to the Letter of Agreement between our organizations, this letter serves to provide your office with the results from the Federal Bureau of Investigation (FBI) Microscopic Hair Comparison Analysis Review regarding the analysis of testimony and lab reports provided in the above-referenced case. Please notify the FBI, within 14 days of receipt of this letter, as to whether or not the Innocence Project (IP) agrees with the FBI's conclusions.

The FBI has conducted its review of the report issued in this case and found it to contain:

__ Appropriate Statements                    __ Inappropriate Statements

The FBI has conducted its review of the FBI testimony transcript and/or stipulation in accordance with the November 9, 2012 agreed upon scientific standards between the IP and FBI with the following results:

_X_ **Error Type 1:**  The examiner stated or implied that the evidentiary hair could be associated with a specific individual to the exclusion of all others. This type of testimony exceeds the limits of the science.

_X_ **Error Type 2:**  The examiner assigned to the positive association a statistical weight or probability or provided a likelihood that the questioned hair originated from a particular source, or an opinion as to the likelihood or rareness of the positive association that could lead the jury to believe that valid statistical weight can be assigned to a microscopic hair association. This type of testimony exceeds the limits of the science.

__ **Error Type 3:**  The examiner cites the number of cases or hair analyses worked in the lab and the number of samples from different individuals that could not be distinguished from one another as a predictive value to bolster the conclusion that a hair belongs to a specific individual. This type of testimony exceeds the limits of the science.

__ **Appropriate**

This document may contain information protected by the Privacy Act of 1974 and is provided by the FBI to your agency solely for authorized law enforcement purposes. The information contained herein may not be further disclosed or disseminated without the express consent of the FBI.

**Ex. B-7**

# Response Sheet

*Please send completed form within 14 days to:*

**Cherise B. Dreyfus**
FBI Laboratory
2501 Forensic Way
Quantico, VA 22135
**Fax:  703-632-7714**
**Email:** FBICaseReview2@ic.fbi.gov (please include in the subject line "IP response" and the name of the defendant)

Referenced FBI Case Number: 7-HQ-19628

Court Docket Number: 87-422 (A) ER

Subject(s)/ Defendant(s): Verdugo-Urquidez, Rene

**Findings of the Innocence Project (IP):**

____    The IP concurs with the conclusion reached by the FBI Microscopic Hair Comparison Analysis Review, or

____    The IP disagrees with the conclusion reached by the FBI Microscopic Hair Comparison Analysis Review for the following reasons:

    ____    Error 1

    ____    Error 2

    ____    Error 3

    ____    Appropriate

____    The IP would like to meet with the FBI (in person or by phone) to discuss the differing opinions regarding the appropriateness of FBI testimony and/or lab reports.

This document may contain information protected by the Privacy Act of 1974 and is provided by the FBI to your agency solely for authorized law enforcement purposes.  The information contained herein may not be further disclosed or disseminated without the express consent of the FBI.

**Ex. B-8**

Version 6/3/2013

**FBI Microscopic Hair Comparison Analysis Review**
**Evaluation Form**

| Case Information: | |
|---|---|
| Case Number: | 7-HQ-19628 |
| Defendant(s): | Rene Martin Verdugo-Urquidez |
| Date of Review: | 08/20/2014 |
| Standard Applied: | MHCA Standards dated 11/9/2012 |

| Review of Testimony: | |
|---|---|
| Date of Testimony: | 8/5-9/1988 |
| Testifying Examiner: | Malone |
| Name of Prosecutor: | Gurule |
| Name of Defense: | Brooks/Barbera/Randolph |

Testimony Results (mark as appropriate):

Inappropriate Statements :  ☒ Yes  ☐ No

Limiting Language Included in Testimony?  ☒ Yes  ☐ No

Identify by Page and Line Number(s):   Pages 11-2, Lines 14-23
　　　　　　　　　　　　　　　　　　　Pages 11-13, Lines 8-11

If testimony contained Inappropriate Statements, cite each by Error type, page(s) and line number(s):

Page 10-139, Lines 12-13 – Error 2
Page 10-147, Lines 23-25 – Error 2
Page 10-148, Lines 19-21 – Error 2
Page 10-149, Lines 5-7 – Error 2
Page 10-149, Lines 24 to Page 10-150, Lines 5 – Error 2
Page 10-150, Lines 14-17 – Error 1
Page 10-153, Lines 18-19 – Error 2
Page 10-154, Lines 8-9 – Error 2
Page 10-155, Line 11 – Error 2
Page 10-156, Line 21 – Error 2
Page 10-157, Lines 14-15 – Error 2
Page 10-160, Lines 1-2 –Error 1
Page 10-189, Lines 14-23 – Error 1
Page 10-191, Lines 7-8 – Error 2
Page 10-192, Line 19 – Error 2
Page 10-193, Lines 12-21 – Error 1
Page 11-3, Lines 1-4 – Error 2
Page 11-3, Lines 8-9 – Error 1
Page 11-7, Lines 13-17 – Error 1
Page 11-7, Lines 19-24 – Error 1
Page 11-25, Lines 11-13 – Error 1
Page 11-29, Lines 25 to Page 11-30, Line 3 – Error 1
Page 11-46, Lines 8-14 – Error 1
Page 11-48, Lines 15-21 – Error 1
Page 11-49, Lines 20-23 – Error 1
Page 11-52, Lines 22-23 – Error 1

Approved By: _Marc E Bean_　　　　　　Date:　08/22/2014

Page 1 of 1

**Ex. B-9**